## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:12-cr-334-WSD |
| LARRY GLADDEN, JR., | |
| Defendant. | |

### OPINION AND ORDER

This matter is before the Court on Defendant Larry Gladden, Jr.'s ("Gladden") Motion for Early Termination of Supervised Release [3], Amended Motion for Early Termination of Supervised Release [6], Motion to Revoke Federal Probation [15], and Motion for Final Revocation Hearing De Novo [16].

### I.    BACKGROUND

Gladden robbed nine banks in the Southern District of Florida from December 21, 2000 to June 19, 2002, stealing more than $30,000.  (See Superseding Indictment, Criminal No. 9:08-cr-80108-KAM, S.D. Fla., Doc. 20 [1.1]).  On November 21, 2002, Gladden entered a negotiated guilty plea to five bank robbery counts, and, on January 31, 2003, he received a sentence of 105

months imprisonment followed by three years of supervised release.  (Id. at Docs. 42, 49 [1.3]).

Gladden began his term of supervised release on February 2, 2012.  On or about May 26, 2012, he was arrested in Clayton County, Georgia, for robbing a bank and making terroristic threats during the robbery.  (See Clayton County Criminal Arrest Warrant Order [9.1]).  He was denied bond, and remained in jail until trial.  (See Clayton County Order for Bond [9.2]).  Gladden was sentenced to twenty years in prison on the robbery charge and to a consecutive five-year suspended sentence on the terroristic threats charge.  (See Jury Verdict Form and Indictment [9.3]; Clayton County Judgment [9.4]).  The judge gave Gladden credit for the time he served in custody pretrial.  ([9.4]).

On July 22, 2012, the Southern District of Florida ordered that jurisdiction over Gladden's term of supervised release be transferred to this Court [1].  On August 29, 2012, the Court accepted the transfer.  The Financial Litigation Unit of the U.S. Attorney's Office in the Northern District of Georgia submitted Gladden's outstanding restitution balance for collection and inclusion in the Treasury Offset Program.  The Treasury Department sent him a 60-day notice advising him that any benefits he received from the federal government, such as income tax refunds

or Social Security payments, would be offset as payment against his restitution balance.

On September 3, 2013, Gladden, proceeding *pro se*, filed a motion for "Revocation of Probation In Absentia" [3], which the Court construes as his Motion for Early Termination of Supervised Release.  In it, he seeks termination of his supervised release because he is serving a twenty-year sentence in the Georgia Department of Corrections.  ([3] at 1).

On September 27, 2013, Gladden filed his "Amended Motion for Revocation of Probation In Absentia" [6], which the Court construes as his Amended Motion for Early Termination of Supervised Release.  In the amended motion, Gladden states that he received a Notice of Intent to Offset the remaining balance of the restitution he owes under the Treasury Offset Program.  ([6] at 2). He states that he is indigent and "unable to pay the balance thereof" while incarcerated.  (Id. at 2-3).  He asks the Court to stay the offset, or, in the alternative, to waive the remaining restitution balance he owes.  (Id. at 2).

On January 2, 2015, Gladden filed his "Motion to Revoke Federal Probation and Run Federal Sentence Concurrently With State Sentence" [15], which appears to be a renewed motion for early termination of supervised release.  On

October 19, 2015, Gladden filed a "Motion for Final Revocation Hearing De Novo" [16], in which he argues the Court's delay in ruling on his motions has been prejudicial, and requests a hearing on his supervised release motions.

## II.   DISCUSSION

   A.   <u>Legal Standards</u>

      1.   *Early Termination of Supervised Release*

18 U.S.C. § 3583(e)(1) provides:

> [t]he Court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

One of the purposes of supervised release is to assist convicted felons in the transition to life in the community after serving a long prison term for a serious offense. <u>See</u> <u>United States v. Johnson</u>, 529 U.S. 53, 55, 59 (2000).  In determining the conditions of supervised release, the Court considers numerous factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the needs to afford adequate deterrence to criminal conduct, protect the public from further crimes from the defendant and to

4

provide the defendant with needed educational or vocational training, medical care or other correctional treatment.  See 18 U.S.C. § 3553(a), see also United States v. Reagan, 162 F. App'x 912, 914 (11th Cir. 2006).  A district court has the discretion to terminate a defendant's term of supervised release early if, after considering the sentencing factors set forth in Section 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e).  District courts in the Eleventh Circuit have stated that "early termination of a period of supervised release is only occasionally justified, such as when a defendant exhibits exceptionally good behavior."  See United States v. West, No. 5:00-cr-23(HL), 2011 Wl 1458723, at *1 (M.D. Ga. Apr. 15, 2011); (citing United States v. Reisner, No. 4:06-cr-077-SPM, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008)).

2.    *Modification of MVRA Restitution*

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires district courts to order a defendant who has committed a crime of violence to make restitution to his victims who have suffered a pecuniary loss.  18 U.S.C. § 3663A(a), (c).  "[T]he MVRA expressly prohibits consideration of [a defendant's] financial resources when determining the amount of restitution," and

"requires a court to grant the full amount of restitution."  <u>United States v. Edwards</u>, 728 F.3d 1286, 1291 (11th Cir. 2013) (internal quotations omitted).

The MVRA sets forth procedures for challenging an otherwise final order of restitution.  "18 U.S.C. § 3664(o)(1) provides than an . . . order of restitution can be (1) corrected under Federal Rule of Criminal Procedure Rule 35; (2) appealed and modified under 18 U.S.C. § 3742; (3) amended under 18 U.S.C. § 3664(d)(5); or (4) adjusted under 18 U.S.C. §§ 3664(k), 3572, or 3613A."  <u>United States v. MacArthur</u>, 510 F. App'x 802, 803 (11th Cir. 2013).

  B. <u>Analysis</u>

    1. *Early Termination of Supervised Release*

Gladden began his term of supervised release on February 2, 2012.  On May 26, 2012, he was arrested for robbery and for making terroristic threats, and remained in jail until he was convicted of those charges and sentenced to twenty (20) years in state prison on July 12, 2013.  Periods of incarceration greater than thirty (30) consecutive days are excluded when calculating the total amount of time a defendant has spent on supervised release.  <u>See</u> 18 U.S.C. § 3624(e) ("A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime

unless the imprisonment is for a period of less than 30 consecutive days"); see also

United States v. Johnson, 581 F.3d 1310, 1312-13 (11th Cir. 2009) (excluding the

time the defendant spent in state confinement when determining the date on which

defendant's supervised release expired); United States v. Molina-Gazca, 571 F.3d

470, 474 (5th Cir. 2009) ("Pretrial detention falls within 'any period in which the

person is imprisoned' and tolls the period of supervised release, provided a

conviction ultimately occurs."). At the time of Gladden's May 26, 2012, arrest, he

had only been on supervised release for approximately four (4) months. He has

been imprisoned since his arrest, and has not accrued any additional time on

supervised release. Because Gladden has not been on supervised release for at

least one year, he is not eligible to be considered for early termination of his

supervised release under 18 U.S.C. § 3583(e)(1).[1]

---

[1]     Even if Gladden met the one-year requirement for early termination, the
sentencing factors in 18 U.S.C. § 3553(a) do not favor early termination. The
Eleventh Circuit has held that failure to comply with the terms of supervised
release weighs against early termination. See United States v. Browne, 502 F.
App'x 919 (11th Cir. 2012) (per curiam); United States v. Perry, 397 F. App'x 521,
522 (11th Cir. 2010). Gladden returned to robbing banks less than four months
after his release from federal custody. His swift return to criminal conduct
certainly does not demonstrate the "exceptionally good behavior" some courts
have required for early termination. West, 2011 WL 1458723, at *1.

2.    *Modification of MVRA Restitution*

Though not expressly stated, the Southern District of Florida's order of restitution was made under the authority granted by the MVRA.  As noted above, the MVRA sets forth procedures for challenging an otherwise final order of restitution.  "18 U.S.C. § 3664(o)(1) provides than an . . . order of restitution can be (1) corrected under Federal Rule of Criminal Procedure Rule 35; (2) appealed and modified under 18 U.S.C. § 3742; (3) amended under 18 U.S.C. § 3664(d)(5); or (4) adjusted under 18 U.S.C. §§ 3664(k), 3572, or 3613A."  MacArthur, 510 F. App'x at 803.  Gladden does not specify a legal basis for his request to stay or waive the remaining balance of his restitution payments.[2]  The only plausible basis for relief available to Gladden is modification of his restitution payment schedule

---

[2]    Gladden cannot seek a correction of his restitution order based on clear error under Fed. R. Crim. P. 35(a), because the fourteen-day deadline has passed.  He also cannot seek modification based on an appeal under 18 U.S.C. § 3742, because he did not file a direct appeal and is now time-barred from doing so.  See Fed. R. App. P. 4(b).  Gladden does not purport to seek amendment of the restitution order due to a victim's newly-discovered losses under 18 U.S.C. § 3664(d)(5), and there was no fine imposed in his case, therefore 18 U.S.C. § 3572 does not apply.  18 U.S.C. § 3613A cannot apply because Gladden has not defaulted on his restitution obligation.

8

under 18 U.S.C. § 3664(k), and the Court construes his *pro se* motions as seeking

such relief.[3]

Section 3664(k) provides:

[a] restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18. U.S.C. § 3664(k).  This provision requires Gladden to supply notice of a

"material change in his economic circumstances that might affect [his] ability to

pay restitution."  Id.  Gladden bears the burden of showing that his economic

circumstances have undergone a material change requiring a modification of the

term of restitution.  See 18 U.S.C. § 3664(e) ("The burden of demonstrating the

financial resources of the defendant . . . shall be on the defendant.").

---

[3]     The Eleventh Circuit has "long embraced the principle that *pro se* briefs should be construed liberally."  Pieschacon Quijano v. U.S. Atty. Gen., 460 F. App'x 884, 887 (11th Cir. 2012) (citing Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005)).

Gladden has not provided any basis for the Court to find a change in his economic circumstances warranting modification to his restitution terms.  The Southern District of Florida anticipated that Gladden's ability to pay restitution would be limited by the period of incarceration to which it sentenced him.  The court nevertheless ordered that "payment of criminal monetary penalties shall be due during the period of imprisonment."  (S.D. Fla. Judgment, [1.3] at 6).  Nothing has changed except the duration and location of Gladden's imprisonment.  Gladden's statements that he is indigent and unable to pay while he is incarcerated simply are not enough to modify his restitution payment schedule under Section 3664(k).  See Cani v. United States, 331 F.3d 1210, 1216 (11th Cir. 2003) ("[N]either of these documents demonstrate that appellant's economic circumstances have changed in any way since the imposition of his sentence, and thus his present financial status is no different from that contemplated by the district court when it imposed the restitution order.").  Accordingly, even construing Gladden's motions liberally, he is not entitled to any modification, stay, or waiver of his restitution payments.  Because Gladden is ineligible to be considered for early termination of his supervised release under 18 U.S.C.

§ 3583(e)(1) and is not entitled to relief on his restitution payments, his motions are required to be denied.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Larry Gladden, Jr.'s ("Gladden") Motion for Early Termination of Supervised Release [3] is **DENIED**.

**IT IS FURTHER ORDERED** that Gladden's Amended Motion for Early Termination of Supervised Release [6] is **DENIED**.

**IT IS FURTHER ORDERED** that Gladden's Motion to Revoke Federal Probation [15] is **DENIED**.

**IT IS FURTHER ORDERED** that Gladden's Motion for Final Revocation Hearing De Novo [16] is **DENIED**.


**SO ORDERED** this 26th day of October, 2015.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE